IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRYCE DONALD JACOBS,
    Petitioner,

vs.                                                   Case No.:  3:07cv378/RV/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## **ORDER**

       Now pending is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  The filing fee has been paid (*see* Docket Entry 1).

       Petitioner is a state prisoner incarcerated at Everglades Correctional Institution ("Everglades CI") (*see* Doc. 1 at 1).  On August 30, 1982, following a jury trial in the Circuit Court in and for Escambia County, Florida, Petitioner was found guilty of one count of first degree arson and one count of second degree arson and sentenced to thirty (30) years of incarceration on the first degree arson charge and a consecutive term of fifteen (15) years of incarceration on the second degree arson charge (*see id.*).  Petitioner's convictions and sentences were affirmed on appeal by the First District Court of Appeals of Florida (*see id.* at 3).

       In the instant petition, Petitioner does not acknowledge whether he previously filed a petition for writ of habeas corpus in federal court (*see id.* at 3–4).  However, the court takes judicial notice of <u>Jacobs v. McDonough</u>, No. 3:06cv329/MCR/EMT, 2007 WL 946569 (N.D. Fla. Mar. 27, 2007).  In that case, Petitioner challenged the same convictions and sentences which he now challenges on the following grounds: (1) actual innocense; (2) ineffective assistance and judicial denial of effective counsel; (3) denial of due process/equal protection; and (4) newly discovered evidence.  *See id.* at *2–*3 (summarizing Petitioner's claims in case number 3:06cv329/MCR/EMT).  Following a Report and Recommendation, the claims were dismissed with prejudice as untimely filed.  *See id.*

at *1 (order adopting the Report and Recommendation and dismissing Petitioner's claims with prejudice as untimely). Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, and the appellate court dismissed the appeal for want of prosecution because Petitioner failed to pay the $450.00 docketing and $5.00 filing fees. Jacobs v. McDonough, No. 07-11815-G, slip op. at 1 (11th Cir. July 19, 2007).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). The instant petition is clearly "second or successive," because Petitioner challenges the constitutionality of the same convictions challenged in Case No. 3:06cv329/MCR/EMT. Therefore, unless Petitioner has obtained the requisite permission from the Eleventh Circuit Court of Appeals to file the instant petition, this district court would be precluded from considering the merits of the petition. Accordingly, Petitioner shall be required to demonstrate that he has obtained the requisite certification from the Eleventh Circuit.

Accordingly, it is **ORDERED**:

1. Petitioner shall have **THIRTY (30) DAYS** from the date of docketing of this order to submit a statement signed under penalty of perjury stating whether he has obtained an order from the Eleventh Circuit Court of Appeals authorizing this court to consider his second federal habeas petition and, if not, why the instant petition should not be dismissed as second or successive.

2. Petitioner's failure comply with this order will result in a recommendation that this case be dismissed for failure to comply with an order of the court.

**DONE AND ORDERED** this 13th day of September 2007.

                         /s/ *Elizabeth M. Timothy*
                         **ELIZABETH M. TIMOTHY**
                         **UNITED STATES MAGISTRATE JUDGE**